UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. HUCKLEBERRY, et al.,<br><br>Defendants. | Case No.: 1:18-cv-01237 SAB (PC)<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL<br>(ECF No. 11)<br><br>ORDER REGARDING PLAINTIFF'S PETITION<br>(ECF No. 18)<br><br>ORDER SCREENING SECOND AMENDED COMPLAINT, AND GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON COGNIZABLE CLAIM<br>(ECF No. 19)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff David Nathaniel Roberts is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

Although this action has not been long-pending, it has a relatively lengthy procedural history, which the Court will briefly summarize. Plaintiff initiated this action by filing a complaint on August 17, 2018 in the United States District Court for the Southern District of California. (ECF No. 1.) On September 12, 2018, the case was transferred to this district, and given Case Number 1:18-cv-01237-SAB (PC).[1]

---

[1] As Plaintiff has been previously informed, Plaintiff should not put the case number for his prior action, No. 3:18-cv-1928-JLS-LJB, on his filings. That action was transferred and is closed.

1

On September 14, 2018, Plaintiff filed a motion to proceed in forma pauperis, using the form from the United States District Court for the Southern District of California. (ECF No. 6.) Due to being incomplete, the motion was denied, without prejudice, on September 17, 2018. (ECF No. 7.) The Court sent Plaintiff a blank application form, with an authorization to allow the Clerk of the Court to obtain a certified trust account statement on Plaintiff's behalf. (Id.)

On October 3, 2018, Plaintiff filed a second motion to proceed in forma pauperis. (ECF No. 12.) Plaintiff also filed a supplement to that motion. (ECF No. 13.) That motion was also on the wrong form and was not complete. (Id.) On October 9, 2018, the Court denied that second motion, and allowed Plaintiff an opportunity to file a third motion. (ECF No. 14.)

On October 9, 2018, Plaintiff filed a third motion to proceed in forma pauperis, (ECF No. 15), and a certified trust account statement, (ECF No. 16). On October 16, 2018, the Court granted that motion. (ECF No. 17.)

In the meantime, Plaintiff has filed numerous other items, which are currently before the Court. These include a motion for the appointment of counsel, filed on October 1, 2018 (ECF No. 11); a petition, filed on October 5, 2018 (ECF No. 18); a first amended complaint, filed on September 28, 2018 (ECF No. 10); and, a second amended complaint, filed on October 9, 2018, (ECF No. 19). The Court addresses each of these filings in turn.

## II.

## MOTION FOR THE APPOINTMENT OF COUNSEL

In Plaintiff's request for the appointment of counsel, he states that he has insufficient assets to afford counsel. He further states that his interests would be better protected by a professional, and that the law requires the appointment of counsel due to his indigency. The motion is made using a form for the Superior Court of the State of California for a habeas corpus action. (ECF No. 11.)

Plaintiff brings this action as a civil rights action under § 1983. Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th

---

Plaintiff should only include the case number and caption for this case in his filings.

Cir. 1997). The court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. As discussed further below, the excessive force and deliberate indifference issues raised in this case are not complex, and Plaintiff has thoroughly set forth his allegations and adequately articulated his claim. In addition, at this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits.

For these reasons, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

**III.**

**PETITION**

Plaintiff also filed a petition for writ of habeas corpus in this action, using a form for the United States District Court of the Southern District of California. (ECF No. 18.) Most of the form is marked "N/A," and Plaintiff states that he does not know how to fill out the form. A small portion also discusses that Plaintiff is bringing his civil rights claim in this action.

It is not clear if Plaintiff intended to file a new habeas corpus action using this petition, or if it is in any way related to the instant action. Plaintiff may inform the Court within thirty (30) days if he would like this petition filed in a new, separate habeas corpus action. Otherwise, the petition will be disregarded.

3

# IV.
# COMPLAINT

## A. Amended Pleadings

As noted above, Plaintiff filed a complaint on August 17, 2018, which was transferred to this Court. (ECF No. 1.) Before the Court could screen that complaint, Plaintiff filed a first amended complaint on September 28, 2018, (ECF No. 10), and a second amended complaint on October 9, 2018, (ECF No. 19). All three complaints concern similar allegations, and it appears that Plaintiff may have been attempting to clarify and add additional details to the allegations.

Although no leave to amend was granted, the Court finds it appropriate to screen the second amended complaint, in the interest of justice. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (an amended complaint supersedes all prior complaints, and therefore prior complaints have no legal effect); Local Rule 220 (absent prior court approval, an amended pleading must be complete in itself without reference to any prior pleading).

Accordingly, the second amended complaint is currently before the Court for screening.

## B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

///

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

**C.     Summary of Allegations**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the sua sponte screening requirement under 28 U.S.C. § 1915. Plaintiff names as defendants the following staff at Kern Valley State Prison ("KVSP"): (1) Sergeant Huckleberry; (2) Correctional Officer Franco; (3) Correctional Officer Lascina; (4) unnamed medical staff; (5) unnamed ISU staff, who are investigation officers. Plaintiff sues all defendants in their individual and official capacities.

Plaintiff alleges that the violations took place at KVSP on D-Yard, D-7, on July 27, 2018. Plaintiff alleges that at approximately 0800 hours, he was escorted to the pill call, and told Defendants Franco and Lascina that he was suicidal and homicidal, and needed to see a psych

doctor. They told Plaintiff, "Not right now, take it back to your cell." (Second Am. Compl. 3.) Plaintiff tried to comply, and seriously told them that he was going to hurt himself and needed help. They kept telling him not right now, in an aggressive manner. This made Plaintiff frustrated, and he told the nurse, Nurse Nash. She told Plaintiff to take his meds and that she would call a doctor. Defendant Franco got up out of his seat, in D-7 pill hall, and walked towards Plaintiff, and said, "Take it back to your cell." (Id.) And the whole time, Plaintiff is trying to talk to them, stating that he needs help, and they were aggressively forcing Plaintiff to his cell.

When Plaintiff got to his cell, he tried to tell them for the last time before he went to his cell that he was suicidal. Defendant Franco grabbed Plaintiff, and tried to slam him to the ground. Plaintiff turned around and in self-defense, swung his fist at Defendant Franco, to scare him away. They sprayed Plaintiff, and he complied to get to the ground with no resisting, and they handcuffed Plaintiff. That's when Defendants Franco, Lascina, and Huckleberry and several other staff beat Plaintiff for about thirty to forty-five minutes, punching and kicking him in the head, face, nose and mouth, and breaking Plaintiff's ribs.

Medical did nothing. The investigation officers threw away or disregarded the photos and pictures of Plaintiff's face and injuries, and reports.

**D.     Discussion**

    1.    Official Capacity

An official capacity suit is equivalent to a suit against the state itself, alleging that the agency's policy or custom played a part in the violation of federal law. Hafer v. Melo, 502 U.S. 21, 25 (1991). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Personal capacity suits seek to impose individual liability on the government official for actions taken under the color of state law. Hafer, 502 U.S. at 25. To state an individual capacity claim, the plaintiff must show that the actions of the defendant caused the deprivation of a federal rights. Id.

///

Here, Plaintiff seeks to sue individual defendant officers for monetary damages based on allegations that their conduct violated his federal rights. His claim against the defendants in their official capacities should be dismissed as barred by the Eleventh Amendment.

### 2. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Liberally construed, the Court finds that Plaintiff has stated a cognizable claim for excessive force against Defendants Franco, Lascina, and Huckleberry.

### 3. Deliberate Indifference

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Farmer, 511 U.S. at 834.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Deliberate indifference is shown where a prison

official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847.

Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Liberally construed, the Court finds that Plaintiff has stated a claim against Defendants Franco and Lascina for deliberate indifference in violation of the Eighth Amendment based on them ignoring and interfering with his requests for mental health treatment.

### 4. Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff has also named unidentified defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals.

Here, Plaintiff states in a conclusory manner that unidentified medical staff "did nothing." He also states that "other staff" participated in beating him. This is not sufficient to state any claim based on the standards discussed above. Plaintiff must identify each individual person, and state facts showing what they did or did not do that violated his rights. If he cannot name the defendants at the pleading stage, at a minimum he must identify them using a Doe; for example, John Doe #1, a nurse, John Doe #2, an officer. Plaintiff will be granted leave to amend to cure these deficiencies.

### E. Destruction of Evidence

Plaintiff also alleges that unidentified investigation officers destroyed evidence, such as photos and pictures of his injuries and reports.

Destruction of evidence or the failure to preserve property for another's use as evidence in pending litigation constitutes spoliation. See United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). Specifically, failure to "preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences." Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d. 997, 1005 (D. Ariz. 2011) (emphasis added) (quoting Thompson v. U.S. Dep't. of Hous. & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003)); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006) (noting willful destruction of electronic files constituted spoliation). The "duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011). Thus, the duty to preserve is triggered "not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." Morford v. Wal-Mart Stores, Inc., No. 2:09-cv-02251-RLH-PAL, 2011 WL 635220, at *3 (D. Nev. Feb. 11, 2011); see Zubulake v. UBS Warburg LLC, 220 F.R.D. 216 (S.D.N.Y. 2003). A court has discretion under its inherent powers to sanction a party who causes the spoliation of evidence. See Leon, 464 F.3d at 958.

However, this Court has found no authority under federal law to support the existence of a tort for spoliation. Further, California law does not recognize a tort remedy for the spoliation of evidence under the circumstances alleged by Plaintiff. See Cedars-Sinai Med. Ctr. v. Superior

9

Court, 18 Cal. 4th 1, 17, 954 P.2d 511, 521 (1998) (The "intentional destruction of evidence is a grave affront to the cause of justice and deserves our unqualified condemnation," but "it is preferable to rely on existing nontort remedies rather that creating a tort remedy."). The California Supreme Court extended Cedars-Sinai from the first party context (involving spoliation by a party to litigation) to a third-party context (involving spoliation by a non-party) in Temple Community Hospital v. Superior Court, 976 P.2d 223 (Cal. 1999), relying on similar logic.

Based on the foregoing, the Court finds that Plaintiff has no cause of action for the intentional spoliation of evidence as alleged, and the claim should be dismissed. The court expresses no opinion on whether Plaintiff could avail himself of any sanctions, evidentiary presumptions, or other remedies for destruction of evidence relevant to the pending case.

## V.
## CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has stated a cognizable claim for excessive force against Defendants Franco, Lascina, and Huckleberry, and for deliberate indifference against Defendants Franco and Lascina, in violation of the Eighth Amendment. The Court has also identified deficiencies in the complaint, also as explained above.

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file a third amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The Court will then recommend to the District Judge that this case only proceed on the claim set forth above, for the reasons explained in this order.

If Plaintiff chooses to file a third amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of

Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted). Plaintiff's third amended complaint will also be limited to twenty-five (25) pages.

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, filed on October 1, 2018 (Doc. No. 11), is denied;

2. Plaintiff must notify the Court within **thirty (30) days** whether his petition for habeas corpus, filed on October 5, 2018 (Doc. No. 18), should be filed as a new action, or it will be disregarded;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either a third amended complaint, or a notice of his intent to proceed upon the cognizable claim identified in this order; and

5. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order.</u>

IT IS SO ORDERED.

Dated: **October 18, 2018**

_____
UNITED STATES MAGISTRATE JUDGE