UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. HUCKLEBERRY, et al.,<br><br>Defendants. | Case No.: 1:18-cv-01237 SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO REASSIGN<br><br>[ECF No. 21] |

**I.**

**INTRODUCTION**

Plaintiff David Nathaniel Roberts is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to reassign, filed on October 22, 2018. It appears that Plaintiff would like to withdraw his consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c), filed on September 20, 2018. (Doc. No. 8.) Plaintiff refers to this as "resigning" and refers to having a district judge "represent" him instead of a magistrate judge.

**II.**

**MOTION TO WITHDRAW CONSENT**

Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary

circumstances shown by any party." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). A referral to a magistrate judge will not be vacated where a party has consented in a signed writing to magistrate judge jurisdiction, the party fails to make a motion to vacate the reference that is supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent. Id. A party's disagreement with a reasonable court ruling constitutes neither good cause nor extraordinary circumstance for withdrawing consent to the jurisdiction of the magistrate judge. See Liteky v. United States, 510 U.S. 540, 555-556 (1994).

In this case, Plaintiff states that he sent documents seeking to proceed *in forma pauperis* that were rejected by the Court, and he is unsure why he is required to recomplete the forms. Further, he disagrees with having funds taken from his account for payment of the filing fee.

Here, the Court twice denied Plaintiff's motion to proceed *in forma papueris*, without prejudice, due to incomplete and incorrect application forms. (Doc. No. 7; Doc. No. 14.) Plaintiff was permitted opportunities to re-do his application and given instructions, and his final application was approved when the Court granted him leave to proceed in forma pauperis on October 16, 2018. (Doc. No. 17.) Although the Court will liberally construe Plaintiff's filings based on his *pro se* status, he must comply with all rules and requirements, including the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

Being granted leave to proceed *in forma pauperis* relieves Plaintiff of the requirement to pay the $400 filing fee up front and in total prior to proceeding with his case. However, the requirement that Plaintiff nevertheless pay a lower statutory filing fee of $350 for this action, in payments of 20% of his monthly income, is a statutory requirement. 28 U.S.C § 1915(b)(1). In other words, the Court must collect such payments from Plaintiff's account each time that the amount available exceeds $10.00, until that amount is paid in full, by operation of law. 28 U.S.C. § 1915(b)(2).

Based on the record in this action, Plaintiff's case has proceeded in an efficient and fair manner. Furthermore, reassignment to a district judge does not remove the role of the magistrate

judge in ruling on non-dispositive matters.  Plaintiff has not presented evidence of any extraordinary circumstances, and the Court does not find good cause to vacate the reference to a magistrate judge.

Finally, the Court clarifies for Plaintiff that the judges of the court do not represent Plaintiff in any capacity.  Plaintiff proceeds *in propria persona*, or "*pro se*," meaning that he represents himself without a lawyer or attorney.  The Court will advise Plaintiff on rules and requirements, but cannot provide any legal advice, and does not act as Plaintiff's attorney.

## III.

## CONCLUSION

For these reasons, the Court finds that Plaintiff's express written consent to the jurisdiction of a United States magistrate judge to conduct all further proceedings in the case is binding, and that there is a lack of good cause for withdrawal of consent.

Accordingly, Plaintiff's motion to vacate the referral to the magistrate judge, filed on October 22, 2108 (ECF No. 21), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **October 25, 2018**

_____
UNITED STATES MAGISTRATE JUDGE