# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. HUCKLEBERRY, et al.,<br><br>Defendants. | Case No. 1:18-cv-01237-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff David Nathaniel Roberts is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 17, 2018, Plaintiff filed his original complaint. (ECF No. 1.) Before the Court could screen that complaint, Plaintiff filed a first amended complaint on September 28, 2018, (ECF No. 10), and a second amended complaint on October 9, 2018, (ECF No. 19). On October 19, 2018, the Court screened the second amended complaint and found that the second amended complaint alleged cognizable claims for excessive force and deliberate indifference. (ECF No. 20). The Court ordered Plaintiff to either notify the Court of his intent to proceed only upon the

1

cognizable claims or file a third amended complaint. (Id.)

On November 2, 2018, Plaintiff filed his third amended complaint. (ECF No. 23.) On November 7, 2018, the Court screened Plaintiff's third amended complaint. (ECF No. 25.) In its screening order, the Court noted that Plaintiff attached a document to his third amended complaint stating that he wanted to proceed on the cognizable claims identified by the Court's order screening his second amended complaint and on the additional allegations included in his third amended complaint. (Id. at 2.) The Court informed Plaintiff that, since an amended complaint supersedes all prior complaints and, absent court approval, an amended pleading must be complete in and of itself without reference to any prior pleading, Plaintiff's third amended complaint was the operative complaint in this action. (Id.) After reviewing Plaintiff's third amended complaint, the Court determined that Plaintiff's third amended complaint alleged a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Franco, Lascina, and Huckleberry. (ECF No. 25.) The Court ordered Plaintiff to either notify the Court of his intent to proceed only upon the cognizable excessive force claim or file a fourth amended complaint. (Id.)

On November 19, 2018, Plaintiff filed a fourth amended complaint. (ECF No. 27.) On April 15, 2019, the Court screened Plaintiff's fourth amended complaint. (ECF No. 32.) In its screening order, the Court noted that, when Plaintiff filed his fourth amended complaint, Plaintiff failed to re-allege all the facts related to the use of force incident that he alleged in his third amended complaint. (Id. at 4.) The Court informed Plaintiff that, since a newly-filed "amended complaint supersedes [a previously filed] complaint and renders it without legal effect," Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012), the Court could only consider the factual allegations made in Plaintiff's fourth amended complaint in determining whether the fourth amended complaint alleged a cognizable claim for excessive force. (Id.) After reviewing Plaintiff's fourth amended complaint, the Court determined that Plaintiff's fourth amended complaint failed to allege any cognizable claim for relief, but granted Plaintiff leave to file a fifth amended complaint that cured the deficiencies identified by the Court in its screening order. (ECF No. 32.)

Currently before the Court for screening is Plaintiff's fifth amended complaint, filed on April 22, 2019. (ECF No. 33.)

# II.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# III.

# SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the sua sponte screening requirement under 28 U.S.C. § 1915.

///

///

Plaintiff names Kern Valley State Prison and the following staff at Kern Valley State Prison as defendants in his fifth amended complaint: (1) Sergeant Huckleberry; (2) Associate Warden Stephen Henderson; (3) Correctional Officer Lascina; and (4) Correctional Officer Franco.

Plaintiff alleges as follows: After he told Nurse Nash that he was suicidal at medication call, Correctional Officer Franco told Plaintiff to "take it back up to" Plaintiff's cell and then "they" forced Plaintiff back up to his cell. Then, he was beaten up by "these officers in handcuffs, for up to [one] hour, in front of his cell." (ECF No. 33, at 3.) Plaintiff asserts that "all officers" punched and kicked him in the ribs, face, and head, which caused him to suffer broken ribs, a dislocated jaw and cheekbone, broken front teeth, swollen nose, a gash on his forehead, and a busted lip. Plaintiff also suffered bruises on his legs, shoulders, and chest.

In relief, Plaintiff prays for monetary damages and "to press charges" on all Defendants.

## IV.

## DISCUSSION

### A. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

In his fifth amended complaint, Plaintiff alleges that Correctional Officer Franco told Plaintiff to "take it back up to" Plaintiff's cell, that "they" forced Plaintiff back up to his cell, and

that, then, he was beaten up by "these officers in handcuffs" for up to an hour, in front of his cell. (ECF No. 33, at 3.) However, initially, Plaintiff has failed to allege that Defendants Henderson, Huckleberry, Lascina, and/or Franco used any force against him. Further, even presuming that Plaintiff's references to "they" and "these officers" refers to the named Defendants, Plaintiff has not alleged any facts showing that the actions of Defendants Henderson, Huckleberry, Lascina, and/or Franco were not a good-faith effort to maintain or restore discipline, or that there was no basis for Defendants Henderson, Huckleberry, Lascina, and/or Franco to use force during the incident. Therefore, Plaintiff fails to state a cognizable claim for excessive force against Defendants Henderson, Huckleberry, Lascina and/or Franco.

### B. Defendant Kern Valley State Prison

Plaintiff names Kern Valley State Prison ("KVSP") as a defendant. However, under the Eleventh Amendment, states and state agencies enjoy sovereign immunity from private suits for damages or injunctive relief in federal court, unless the State has waived, or Congress has validly overridden, such immunity. Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court[.]" Id. at 1025-26. Further, the Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]" Kentucky v. Graham, 473 U.S. 159, 167 n.17 (1985). Therefore, since Defendant KVSP is a part of the California Department of Corrections and Rehabilitation, a state agency entitled to Eleventh Amendment immunity, KVSP is immune from suit under the Eleventh Amendment. Brown v. Cal. Dep't. of Corr., 554 F.3d 747 (9th Cir. 2009) (holding that California Department of Corrections was entitled to Eleventh Amendment immunity with respect to claims brought pursuant to § 1983). Consequently, Plaintiff's claims against Defendant KVSP must be dismissed.

## V.

## CONCLUSION

Based on the foregoing, Plaintiff's fifth amended complaint fails to state a cognizable claim for relief. Despite being given the applicable legal standards, being warned that he needed to re-allege all relevant facts that he wanted the Court to consider in his amended complaints because

newly-filed amended complaints supersede previously filed complaints, and being given the opportunity to cure the deficiencies in the complaint, Plaintiff has still failed to allege facts sufficient to state a claim upon which relief can be granted. Therefore, under these circumstances, granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 17, 2019**

UNITED STATES MAGISTRATE JUDGE