# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. HUCKLEBERRY, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-01237-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CASE STATUS AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 51) |

Plaintiff David Nathaniel Roberts is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's letter, filed on January 27, 2020. (ECF No. 51.) In his letter, Plaintiff requests an update on this case and appointment of counsel to help represent him. (Id.) The Court construes Plaintiff's letter as a motion for case status and a motion for appointment of counsel.

Initially, with regards to Plaintiff's motion for case status, the Court reminds Plaintiff that, generally, the Court will not respond in writing to individual inquiries regarding the status of a case. (ECF No. 4, at 3-4.) However, given the length of time that this case has been pending before the District Judge, Plaintiff's request for a case status update is granted, as set forth below.

Plaintiff is informed that, on May 17, 2019, the undersigned issued findings and recommendations, recommending that this action be dismissed, with prejudice, for failure to state a cognizable claim for relief. (ECF No. 35.) The Court received Plaintiff's objections to the findings and recommendations on June 28, 2019, July 1, 2019, and July 8, 2019. (ECF Nos. 42,

43, 44, 45.) As of this date, the findings and recommendations remain pending before the assigned District Judge. Further, on August 1, 2019, the undersigned denied Plaintiff's motion for relief from the monthly filing fee payment requirement. (ECF No. 48.) The Court has issued no other orders in Plaintiff's case. So long as Plaintiff keeps the Court apprised of his current address, Plaintiff will receive copies of all Court decisions which might affect the status of his case. As this Court has a number of cases which require more pressing attention than providing status at the request of a party, no further updates will be provided.

Further, with regards to Plaintiff's motion for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. First, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Second, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se

litigant will seldom be in a position to investigate easily the facts necessary to support the case."). Third, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims. Fourth, based on a review of the record, the Court finds that the legal issues in this case do not appear to be particularly complex and that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's request for appointment of counsel is denied, without prejudice.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for case status, (ECF No. 51), is GRANTED; and
2. Plaintiff's motion for appointment of counsel, (ECF No. 51), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 29, 2020**

_____
UNITED STATES MAGISTRATE JUDGE