UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. HUCKLEBERRY, *et al*.<br><br>Defendants. | No. 1:18-cv-01237-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 35) |

Plaintiff David Nathaniel Roberts is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 17, 2019, the assigned magistrate judge screened plaintiff's fifth amended complaint and issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's repeated failures to state a cognizable claim for relief. (Doc. No. 35.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days of service. (*Id.* at 6.) After receiving an extension of time to file his objections, plaintiff timely filed three sets of objections on June 28, July 1, and July 8, 2019. (Doc. Nos. 37, 42, 43, 44, 45.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, plaintiff reiterates the allegations contained in his fifth amended complaint and contends that the court has ignored his constitutional rights. (Doc. Nos. 42, 43, 44, 45.) However, plaintiff failed to address in his objections the magistrate judge's finding that his fifth amended complaint failed to allege a cognizable claim against any of the named defendants. (Doc. No. 35.) Although the magistrate judge found in earlier screening orders that plaintiff had alleged cognizable claims in his second and third amended complaints (*see* Doc. No. 20, 25), plaintiff declined to proceed on the claims the magistrate judge had found to be cognizable and instead filed a fourth amended complaint in which he failed to re-allege all of the facts that had previously established cognizable claims. (*See* Doc. No. 27, 32.)

Despite the magistrate judge granting plaintiff leave to file a fifth amended complaint and warning him specifically that an amended complaint must be fully complete in and of itself, (Doc. No. 32 at 4, 7) (citing Local Rule 220), plaintiff filed his fifth amended complaint without alleging facts necessary to sustain any cognizable claim, including those previously found by the magistrate judge to be cognizable. (*See* Doc. No. 33.) Plaintiff's action thus necessarily fails.

Because the court has already specifically instructed plaintiff on how to cure the defects in his complaints four different times to no avail, granting him further leave to amend would be futile in this case.

Accordingly:

1. The findings and recommendations (Doc. No. 35) issued on May 17, 2019, are adopted in full;

/////
/////
/////
/////

2. This action is dismissed without leave to amend due to plaintiff's repeated failures to state a claim upon which relief may be granted; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 9, 2020**

_____
UNITED STATES DISTRICT JUDGE